```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF INDIANA
                      INDIANAPOLIS DIVISION


TODD BROWN,                        )
                                   )
          Plaintiff,               )
     vs.                           ) NO. 1:11-cv-01716-MJD-TWP
                                   )
WESTFIELD INSURANCE CO,            )
                                   )
          Defendant.               )
```

**ORDER ON DEFENDANT'S MOTION TO CONTINUE SETTLEMENT CONFERENCE**

This matter came before the Court on Defendant's unopposed motion to continue the settlement conference scheduled on October 15, 2012, before Magistrate Judge Debra McVicker Lynch. [Dkt. 49.] The following reason was provided in support of the motion:

> At the time the date [for the settlement conference] was set, the parties believed that it may be possible to participate in a settlement conference in the matter by said date. However, the parties are still in the process of completing discovery, including the deposition of the plaintiff, [sic] will not be able to be completed in advance of October 15, 2012. In addition, depending upon the testimony provided at the plaintiff's deposition, one or both of the parties may wish to depose the plaintiff's wife.

[Dkt. 49 at 1.]

A settlement conference in this matter was first discussed with the parties during the February 28, 2012 initial pretrial conference and again during a telephone

conference on April 30, 2012, at which point the timing of such a settlement conference was left open pending the conduct of discovery.  Thereafter, during a telephone conference with the Court on June 13, 2012, counsel for the parties advised the Court they would be ready for a settlement conference by mid-October.  Accordingly, on June 20, 2012, this matter was referred to Magistrate Judge Debra McVicker Lynch to conduct a settlement conference and later that same day Magistrate Judge Lynch scheduled a settlement conference on October 15, 2012. [Dkt. 39 & 40.]

   Thereafter, on August 20, 2012, the Court conducted a telephone conference with the parties.  During that conference, counsel for Plaintiff advised the Court that he had just served responses to Defendant's written discovery requests and counsel for Defendant represented that she intended to serve responses to Plaintiff's written discovery requests within a week.  Counsel for Defendant also indicated plans to depose the Plaintiff and counsel for Plaintiff indicated an intent to possibly depose Plaintiff's ex-wife, both prior to the October 15, 2012 settlement conference.

   Again, on September 14, 2012, the Court conducted a telephone conference with the parties.  During that conference, counsel for Defendant reported having no issues with Plaintiff's discovery responses.  The parties also advised the Court that Defendant had not responded to

Plaintiff's written discovery requests within a week of the August 20, 2012 telephone conference as had been previously committed, but counsel for Defendant committed to serving responses to that discovery during the week of September 17, 2012. Counsel for Defendant again expressed their intent to depose the Plaintiff in advance of the settlement conference. Neither party expressed any concern regarding the scheduling of that deposition, and both parties committed that they were ready to proceed with the settlement conference as scheduled.

While Defendant's motion to continue sets forth the discovery that must be completed prior to a mediation in this matter, it offers no explanation as to why that discovery was not timely completed in advance of the scheduled settlement conference. Defendant's intent to depose the Plaintiff was articulated as early as the February 28, 2012 initial pretrial conference in this matter. No explanation has been provided as to why Defendant has failed to schedule the Plaintiff's deposition at any time since August 20, 2012, by which date Defendant had Plaintiff's responses to its written discovery, responses with which Defendant subsequently took no issue.

Mediation in the form of settlement conferences conducted by experienced mediators is provided as a service, free of charge, to litigants by the Magistrate Judges of this Court. Such a free service is not available to litigants in

the vast majority of courts across the country.  This Court commits considerable resources in terms of time and space to make that service available to litigants.  It is not too much to expect that litigants will take their committment to mediate seriously and will actively prepare their case for mediation when scheduled.

By moving on thirteen days notice[1] to continue a settlement conference that was scheduled more than three months ago, the parties herein have deprived other litigants, who may have properly prepared their cases for settlement, of an opportunity to conduct a settlement conference with the Court on that date.  That is unacceptable.  Litigants who fail to properly prepare to participate in a settlement conference when scheduled forfeit the ability to avail themselves of that free and valuable service.

It appears to the Court that counsel in this matter, and most particularly counsel for Defendant, have failed to actively manage the discovery in this matter to ensure that the case would be ready for a settlement conference as scheduled by the Court.  Accordingly, the settlement

---

[1] The Court notes that Magistrate Judge Lynch's order scheduling the settlement conference provides that "[a] request to vacate or continue the settlement conference must be made by motion filed with the court **no later than two weeks** before the conference, except in exigent circumstances." [Dkt. 40 at 2 (emphasis in original).] No exigent circumstances are apparent in Defendant's motion to explain why the Court's two week deadline was ignored.

conference scheduled for October 15, 2012 is hereby **VACATED**.

The parties are hereby Ordered to schedule a private mediation of this matter to take place no later than **April 10, 2013**. The parties shall negotiate and attempt to agree upon a mediator by no later than **October 21, 2012** and shall advise the Court of the identity of the mediator if agreed. If the parties are unable to agree upon a mediator by that date, then by no later than **October 28, 2012**, each side is to file a list of two proposed mediators for selection by the Court. The mediators proposed shall have cleared any conflicts and agreed to mediate the case if selected. By no later than **November 4, 2012**, each side may strike one of the mediators proposed by the opposing party. The Court shall then select a mediator from the two names remaining. Defendant and its counsel shall bear eighty percent of the expense of the mediation and Plaintiff and his counsel shall be responsible for the remainder.

Dated: 10/3/2012

Distribution:

All Electronically Registered Counsel

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana